IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MIGUEL A. RIVERA-ALVAREZ,

   Plaintiff,

v.

GREGORY A. WERNER, *et al*.,

   Defendants.

Civil Action No.:  SAG-22-1861

**MEMORANDUM AND ORDER**

Plaintiff Miguel A. Rivera-Alvarez is self-represented and incarcerated at Dorsey Run Correctional Facility.  He filed a § 1983 civil rights complaint with the court.  Rivera-Alvarez filed a Motion to Proceed in Forma Pauperis (ECF No. 4) which shall be granted.

Pursuant to this court's order, Rivera filed an amended complaint on August 25, 2022. ECF No. 3.[1]  His complaint and amended complaint concern allegations at Maryland Correctional Institution Hagerstown ("MCI-H").  Rivera-Alvarez names MCI-H, MCI-H Warden Gregory A. Werner, MCI-H Assistant Warden Todd A. Hull, MCI-H Chief of Security Laura K. Golliday, and an unnamed officer as defendants.

The court is obliged by 28 U.S.C. § 1915A to screen prisoner complaints and dismiss any complaint that is "frivolous, malicious or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). In deciding whether a complaint is frivolous, "[t]he district court need not look beyond the

---

[1] Although Rivera-Alvarez was forewarned that, generally, an amended complaint replaces the original complaint filed (ECF No. 2), this court is cognizant of Rivera-Alvarez's status as a pro se litigant and will consider both documents to determine if a viable claim exists.

complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *See White v. White,* 886 F.2d 721, 722-23 (4th Cir. 1989).

After applying a liberal construction to both the original complaint and the amended complaint, the court has determined that all claims must be dismissed without prejudice.

## I. Plaintiff's Allegations

In both his complaint and his amended complaint, Rivera-Alvarez details allegations that occurred while he was housed at MCI-H.  ECF No. 1, 3.

First, he states that he requested protective custody, but was assigned to administrative segregation in a cell with "lead paint" and with little access to phones, cable television, or water. ECF No. 1, ECF No. 3 at 3.

Next, he alleges that on June 21, 2022, while handcuffed and walking with a cane, he descended a staircase without being held by an unnamed officer.  ECF No. 3 at 2.  His cane slipped, and he "fell, twisted [his] two knees, h[it] the floor with [his] back, and h[it] the pushing car with [his] shoulder and [the] right side of [his] neck."  *Id.*  He states that he was "check[ed] by a nurse not by a doctor."  ECF No. 1.  He recalls that on the night of the incident, his cell mate asked an officer to take Rivera-Alvarez to medical but the request was ignored.  ECF No. 3 at 2.

The next day, he was transferred to Eastern Correctional Institution ("ECI").  ECF No. 1. ECI is a medium security-level facility although he states that his level was "minimum."  ECF No. 3 at 2.  While at ECI, he informed the nurse of his injuries and "wrote 3 sick calls explaining the incident."  *Id.*  He states that "until today[2] I haven't been seen by a doctor, I am suffering the pain, I can't sleep well because the pain on my back."  ECF No. 1.

---

[2] The complaint is dated July 23, 2022.

2

## II.   MCI-H

In his original complaint, Rivera-Alvarez names only MCI-H as a defendant. ECF No. 1. MCI-H is not a "person" subject to suit under 42 U.S.C. § 1983[3] and, therefore, Rivera-Alvarez's claims against it must be dismissed. *See* 42 U.S.C. § 1983; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); *see generally* 5 Charles Alan Wright, *et al.*, Fed. Prac. & Proc. § 1230 (2002). A number of courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law and are not subject to suit under § 1983. *See Smith v. Montgomery Cty. Corr. Facility*, Civil Action No. PWG-13-3177, 2014 WL 4094963, at *3 (D. Md. Aug. 18, 2014) (holding that Montgomery County Correctional Facility "is an inanimate object that cannot act under color of state law and therefore is not a 'person' subject to suit under Section 1983"); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) (stating that "the Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983"); *Brooks v. Pembroke City Jail*, 722 F.Supp. 1294, 1301 (E.D. N.C. 1989) (noting that "[c]laims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit"). Conduct amenable to suit under 42 U.S.C. § 1983 must be conduct undertaken by a person, and MCI-H is not a person within the meaning of the statute. Claims against MCI-H will be dismissed.

## III.   Supervisory Liability

Rivera-Alvarez has not stated a claim against Defendants MCI-H Warden Gregory A. Werner, MCI-H Assistant Warden Todd A. Hull, MCI-H Chief of Security Laura K. Golliday. As detailed above, these defendants are not mentioned anywhere in the factual allegations of the

---

[3] That section states: "Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. §1983 (emphasis supplied).

complaint. Liability under § 1983 attaches only upon personal participation by a defendant in the constitutional violation. Further, it is well established that the doctrine of respondeat superior does not apply in § 1983 claims. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983). Liability of supervisory officials "is not based on ordinary principles of respondeat superior, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). Supervisory liability under § 1983 must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).

Rivera-Alvarez has not raised any allegations that MCI-H Warden Gregory A. Werner, MCI-H Assistant Warden Todd A. Hull, and MCI-H Chief of Security Laura K. Golliday were personally involved in any of the events that took place, nor has he alleged facts indicating supervisory liability. The supervisory positions of Werner, Hull, and Golliday are simply not enough alone to state a cognizable claim under 42 U.S.C. § 1983. Accordingly, Rivera-Alvarez's claims against these defendants will be dismissed without prejudice.

**IV.  Inadequate Medical Care**

The Eighth Amendment to the United States Constitution prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). To state a claim for constitutional denial of medical care, a plaintiff must demonstrate that defendant's acts or omissions amounted to deliberate indifference as to plaintiff's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Deliberate indifference is a very high standard – a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695- 96 (4th Cir. 1999).

Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner was suffering from a serious medical need and that, subjectively, the prison staff, aware of prisoner's need for medical attention, failed to either provide such care or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016). "A medical condition is shown as objectively serious when it 'would result in further significant injury or unnecessary and wanton infliction of pain if not treated." *Formica v. Aylor*, 739 Fed Appx. 745 (4th Cir. 2018), *citing Gayton v. McKoy,* 593 F.3d 610, 620 (7th Cir. 2010).

Additionally, as to a defendant's subjective recklessness, "[t]rue subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F.3d 336, 340 n.2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Va. Beach Corr. Ctr.*, 58 F.3d 101, 105 (4th Cir. 1995) (quoting *Farmer*, 511 U.S. at 844).

### A. Fall during escort

Rivera-Alvarez alleges that on June 21, 2022, while handcuffed and walking with a cane, he descended a staircase without being held by an officer. ECF No. 3 at 2. He states that his cane slipped, and he "fell, twisted [his] two knees, h[it] the floor with [his] back, and h[it] the pushing car with [his] shoulder and [the] right side of [his] neck." *Id.*

Construing this as an allegation that the unnamed officer was deliberately indifferent to Rivera-Alvarez's need for assistance while descending the stairs, it fails. The facts alleged by Rivera-Alvarez, that he tripped while walking down the stairs without assistance, at best, sound in negligence. They do not present a violation of his constitutional right to be free from cruel and unusual punishment, nor do they demonstrate a sufficiently culpable state of mind on the part of the unnamed officer. This claim is dismissed without prejudice.

### B. Follow-up Care

Rivera-Alvarez alleges that, following his accident, he was seen by a nurse rather than a doctor. ECF No. 1. Thereafter, while at ECI, he informed a nurse of his injuries and "wrote 3 sick calls explaining the incident." ECF No. 3 at 2. He states that the night of the incident, his cell mate asked an officer to take Rivera-Alvarez to medical but was ignored (*id.*) and that he is still "suffering the pain" on his back and has trouble sleeping. ECF No. 1.

Rivera-Alvarez provides no detail about the extent or duration of his injuries. Moreover, he does not name any defendants from ECI who denied his requests for medical care. He does not provide any details about the care he received, nor does he explain how any medical care provided was so inadequate that it amounted to a wanton infliction of pain. This claim is dismissed without prejudice.

**V.     Conditions of Confinement**

Rivera-Alvarez alleges that he was assigned administrative segregation in a cell with "lead paint" and with little access to phones, cable television, or water. ECF No. 3 at 3. Conditions which "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment. *Rhodes v. Chapman*, 452 U. S. 337, 347 (1981). However, conditions which are merely restrictive or even harsh, "are part of the penalty that criminal offenders pay for their offenses against society." *Id*. A prisoner must prove two elements to establish that particular conduct by prison officials constitutes cruel and unusual punishment: (1) "the deprivation of [a] basic human need was *objectively* 'sufficiently serious,'" and (2) "*subjectively* the officials act[ed] with a sufficiently culpable state of mind." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (emphasis in original) (citation omitted).

The plaintiff may also "demonstrate a substantial risk of such serious harm resulting from the prisoner's exposure to the challenged conditions." *Id.* (citing *Helling v. McKinney*, 509 U.S. 25, 33-35 (1993)). "Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." *De'Lonta,* 330 F.3d at 634 (citing *Hudson v. McMillian*, 503 U.S. 1, 5 (1992)). The subjective component of an Eighth Amendment claim challenging the conditions of confinement is satisfied by a showing of deliberate indifference by prison officials. *De'Lonta,* 330 F.3d at 634 (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Prison officials cannot be held liable for violating the Eighth Amendment unless they knew of, and then disregarded, an excessive risk to inmate health or safety. *Farmer*, 511 U.S. at 834 (1994). "An accidental or inadvertent response to a known risk is insufficient to create Eighth Amendment liability." *Anderson v. Kingsley*, 877 F.3d 539, 544 (4th Cir. 2017).

7

Nothing in Rivera-Alvarez's Amended Complaint suggests that he suffered an extreme deprivation of his rights with respect to the conditions of his confinement. His conclusory allegations about the alleged dangers present in the cell where he resided for a brief period of time are not enough to state a colorable claim, particularly where, as here, there is no allegation that Rivera-Alvarez suffered an injury because of the challenged conditions. Further, he does not explain how any named defendant contributed to causing harsh or atypical prison conditions, nor does he allege that defendants were aware of dangerous conditions but refused to correct the problems. These claims are dismissed without prejudice.

## VI. Due Process Claim

Rivera-Alvarez alleges that he was transferred to ECI, which is a medium security-level facility although his level is "minimum." ECF No. 3 at 2. Rivera-Alvarez does not enjoy a constitutional right to be housed at any particular facility or receive specific programming "so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976). *See also Cole v. Pepper*, No. GJH-18-3097, 2019 WL 470295, at *7 (D. Md. Sept. 30, 2019). Unless the claimed denial presents an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," no such cause of action shall lie. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). *See also Prieto v. Clarke*, 780 F.3d 245, 250 (4th Cir. 2015). Rather, the plaintiff must demonstrate the state's interest in avoiding "erroneous placement [in the challenged confinement] under the state's classification regulations combined with . . . harsh and atypical conditions" for Due Process protections to apply. *Id*. (emphasis in original) (citing *Wilkinson v. Austin*, 545 U.S. 209, 224-45 (2005)).

Rivera-Alvarez's allegation that he was placed in a higher security level when moved to ECI does not demonstrate that his placement or classification was sufficiently harsh or atypical as

8

required to sustain a due process violation. Rather, his transfer to ECI falls within the ambit of the ordinary incidents of prison life. This claim is dismissed without prejudice.

## VII. Conclusion and Order

After carefully screening Rivera-Alvarez's Amended Complaint, no claims remain viable. All claims against all defendants are dismissed without prejudice. Accordingly, it is this 12th day of September, 2022, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Rivera-Alvarez's Motion to Proceed in Forma Pauperis (ECF No. 4) IS GRANTED;

2. Claims against Defendants MCI-H, MCI-H Warden Gregory A. Werner, MCI-H Assistant Warden Todd A. Hull, MCI-H Chief of Security Laura K. Golliday, and Officer John Doe, ARE DISMISSED without prejudice and all Defendants ARE DISMISSED from this action; and

3. The Clerk IS DIRECTED to CLOSE this case and to SEND a copy of this Order to Rivera-Alvarez.

/s/
Stephanie A. Gallagher
United States District Judge